IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

KENNETH J. CARLISLE, JR.          :
                                  :
    v.                            :     CIVIL NO. CCB-16-2792
                                  :
ROBERT MCDONALD, SECRETARY,       :
DEPARTMENT OF VETERANS AFFAIRS    :
                      ...o0o...

**MEMORANDUM**

Plaintiff Kenneth J. Carlisle, Jr., representing himself, brings suit against Robert McDonald, Secretary of the Department of Veterans Affairs ("VA"), for alleged unlawful actions taken against him during and in connection with his employment at the VA Regional Office ("VARO") in Philadelphia. Secretary McDonald moves under Federal Rule of Civil Procedure 12(b)(3) to dismiss for improper venue, or, in the alternative, to transfer the case to the Eastern District of Pennsylvania. For the reasons set forth below, the motion to transfer will be granted.

Mr. Carlisle, a U.S. Army veteran who served in the Gulf War, was employed in the Philadelphia VARO as a veterans' service representative from March 15, 2009 through July 20, 2011. He was hired into the Philadelphia VARO after successful completion of a vocational rehabilitation program administered by the Baltimore VARO. Mr. Carlisle owns property and currently resides in Frederick, Maryland. While he worked in Philadelphia, however, he rented an apartment and lived in Pennsylvania. The actions he complains of include a hostile work environment, a failure by the Philadelphia VARO to accommodate his disability, and a related loss of employment based on a "manipulated" Performance Improvement Plan. (Compl., ECF No. 1, at 4-7; *see* Opp., ECF No. 11, at 7.)

After his discharge, Mr. Carlisle filed an administrative complaint with the EEOC. Apparently, he was awarded monetary relief and offered reinstatement to a position in the

1

Philadelphia VARO. The monetary relief was processed through the Baltimore VARO; Mr. Carlisle decided not to return to work in Philadelphia. He filed a complaint in this court on August 8, 2016.

Mr. Carlisle relies on various federal laws, including Title VII of the Civil Rights Act ("Title VII"), the Americans with Disabilities Act ("ADA"), and the Rehabilitation Act. Venue is controlled by Title VII, which provides that suit may be brought in (1) any judicial district in the state where the unlawful employment practice is alleged to have been committed, (2) in the district where the employment records relevant to the unlawful practice are maintained and administered, or (3) in the district where the plaintiff would have worked but for the unlawful practice. 42 U.S.C. § 2000e-5(f)(3). If none of these three choices can been satisfied, then the case may be brought in the district where the defendant has his principal office.[1] *Id.*

The court is sympathetic to Mr. Carlisle's preference to bring suit in Maryland, where he resides. It is clear, however, that the alleged unlawful acts took place in Philadelphia while Mr. Carlisle was employed in the Philadelphia VARO, and that he would have continued working in Philadelphia but for the alleged unlawful practice (or if he had accepted reinstatement). The connection to the Baltimore VARO prior to his employment, and the processing of monetary relief through Baltimore after his discharge, simply do not satisfy the requirements of the statute. Regarding his employment records, it is undisputed that the paper copies of his employment records, including his Official Personnel File ("OPF"), were maintained and administered in Pennsylvania during his employment. Apparently, Mr. Carlisle's personnel records now exist only in electronic form and are maintained in and accessible from Missouri. (Reply Decl. of Lina Giampa, ECF No. 16-1, ¶ 6.) The existence of electronic rather than paper records complicates the applicability of the second prong of the venue statute. *See Taylor v. Shinseki*, 13

---

[1] The VA's principal office is in the District of Columbia.

F. Supp. 3d 81, 87-89 (D.D.C. 2014).  There is no evidence, however, that the records related to the alleged unlawful employment practices are or ever were maintained in Maryland.

Given that the first and third prongs show venue to be proper in the Eastern District of Pennsylvania, and that the second prong, even if less clear, appears satisfied by placing venue in Philadelphia rather than Baltimore, the defendant's motion must be granted.  Under 28 U.S.C. § 1406(a), however, in the interest of justice, the case will be transferred rather than dismissed.  Mr. Carlisle has indicated he is prepared to pursue his case in the federal court in the Eastern District of Pennsylvania.  (Opp. at 10, 28.)

A separate order follows.


February 10, 2017                                          /S/
Date                                              Catherine C. Blake
                                                  United States District Judge